**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Lanny Upton,<br><br>Plaintiff,<br><br>v.<br><br>Corizon Health Care Incorporated, et al.,<br><br>Defendants. | No. CV-17-01502-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff William Lanny Upton's ("Plaintiff") Motion to Amend Complaint (hereinafter, "Motion") (Doc. 36), to which Defendant Corizon Health Care Incorporated ("Defendant") filed a Response (Doc. 40), and Plaintiff filed a Reply (Doc. 54).

On August 21, 2017 the Court issued a Scheduling Order which set October 17, 2017 as the deadline for amendment of pleadings. (Doc. 10 at 1). "[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)). Therefore, a party seeking leave to amend their complaint after the deadline contained in a scheduling order has passed should first move the court to modify that scheduling order. *See Johnson*, 975 F.2d at 608–09 (explaining that the Ninth Circuit Court of Appeals does not view a motion to amend the complaint as a motion to

modify the scheduling order). Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Even though the Scheduling Order's October 17, 2017 deadline for amendments had passed, Plaintiff's Motion did not request that the Court modify the Scheduling Order, nor discuss whether Plaintiff has demonstrated "good cause" justifying the amendment pursuant to Rule 16(b). (*See* Doc. 36). Rather, Plaintiff solely moved to amend his Complaint pursuant to Rule 15(a)(2). (*See id.*). In its Response, Defendant also failed to raise the correct legal standard and, instead, argued that Plaintiff's Motion should be denied as untimely and for its failure to comply with Rule 15(a)(2) and LRCiv 15.1(a). (*See* Doc. 40). Only in his Reply does Plaintiff argue that he has "good cause" for the proposed amendment. (*See* Doc. 54). However, in arguing that Plaintiff has "good cause" for the proposed amendment to his Complaint, Plaintiff makes new arguments which it did not raise in its Motion and which Defendant has not had the opportunity to respond to.[1] For this reason, the Court will order Defendant to file a surreply responding to the new arguments which Plaintiff makes in its Reply.

If the Court grants Plaintiff leave to amend, the Court is, at present, disinclined to modify the deadlines respective to trial. Plaintiff's proposed amendment alleges that Defendant "continued a pattern and practice of deliberate indifference through the time that this matter was pending before this Court." (Doc. 36 at 2). In an attempt to demonstrate the ongoing nature of the violation, Plaintiff's amendment covers the 267-day period from May 18, 2017,[2] the date of Plaintiff's alleged last treatment with Dr. Rakkar, through Plaintiff's alleged restarting of chemotherapy with Dr. Chang on February 9, 2018. (Docs. 36 at 2; 36-1 at 5). Although Defendant requests that the Court extend the deadlines respective to trial so that Defendant "may adequately prepare for its defense of this brand new claim[,]" (Doc. 40 at 10), it is unclear to the Court what further discovery or preparation Defendant could possibly need. As the contractor responsible for providing

---

[1] Arguments made for the first time in a reply are generally waived. *U.S. v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006).

[2] Notably, Plaintiff filed his Complaint on May 17, 2017. (*See* Doc. 1).

- 2 -

healthcare to inmates (including Plaintiff), Defendant clearly already has access to Plaintiff's medical records covering the 267-day time frame Plaintiff seeks to add to his Complaint. Indeed, Plaintiff's counsel received the medical records covering this time frame from counsel for Defendant, (Doc. 54-1 ¶¶ 4–5), and Defendant even previously submitted clinical records covering this time frame along with its Motion for Summary Judgment, (*see* Doc. 40 at 3 ("Out of an abundance of caution, because Plaintiff's requested relief was slightly ambiguous in terms of the declaratory relief sought, Corizon incorporated Plaintiff's clinical records from April 18, 2017 through April 5, 2018 to demonstrate Plaintiff's extensive, ongoing course of care.")). It further appears to the Court that this situation is not unlike that of a personal injury case where a plaintiff's medical needs, treatments, and suffering may continue well past the cut-off for discovery. Therefore, it is difficult for the Court to appreciate what possible prejudice Defendant might incur if the Court were to grant Plaintiff's Motion but not modify the deadlines respective to trial.

Accordingly,

**IT IS ORDERED** that Defendant file a surreply by **Monday, February 11, 2019 at 8:00 a.m**. responding to the new arguments raised in Plaintiff's Reply (Doc. 54) and discussing specifically what further discovery or preparation Defendant will need if the Court were to grant Plaintiff's Motion to Amend Complaint (Doc. 36).[3]

**IT IS FURTHER ORDERED** that all deadlines respective to trial remain in force at this time.

Dated this 5th day of February, 2019.

James A. Teilborg
Senior United States District Judge

---

[3] The Court is not now granting Plaintiff's Motion to Amend Complaint (Doc. 36).

- 3 -