**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Lanny Upton, | No. CV-17-01502-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Care Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff William Lanny Upton's ("Plaintiff") Motion to Amend Complaint (hereinafter, "Motion") (Doc. 36). Because the parties' briefs were adequate for the Court to resolve the issues arising in Plaintiff's Motion, the Court finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). The Court now rules on Plaintiff's Motion.

**I. BACKGROUND**

On May 17, 2017, Plaintiff filed a *pro se* Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant acted with deliberate indifference to his serious medical needs, including a right wrist injury and recurrent myeloma/lymphoma. (Doc. 1 at 1, 3). On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment medical care claim against Defendant and directed Defendant to answer the claims against it. (Doc. 5). Defendant filed an Answer on August 18, 2017 denying that it refused Plaintiff adequate medical care or acted with deliberate indifference to Plaintiff's alleged medical conditions. (Doc. 2). On August 21, 2017, the Magistrate

Judge issued a Scheduling Order setting October 17, 2017 as the deadline for amendment of pleadings.[1] (Doc. 10 at 1). The deadline for amendment of pleadings passed without Plaintiff offering any proposed amendment.

On April 30, 2018, Defendant filed a Motion for Summary Judgment asking that the Court dismiss Plaintiff's claim against Defendant with prejudice because Plaintiff failed to present any evidence supporting his Eighth Amendment deliberate indifference claim and because the course of medical care and treatment given to Plaintiff was appropriate.[2] (Doc. 17 at 1, 23; *see* Doc. 14). Despite the May 8, 2018 Order directing Plaintiff to respond by June 8, 2018, Plaintiff failed to file any response to Defendant's Motion for Summary Judgment. In an Order dated September 13, 2018, the Court granted Defendant's motion as to Plaintiff's claim regarding his fractured wrist, thereby dismissing that claim. (Doc. 20 at 31). However, the Court denied Defendant's Motion for Summary Judgment as to Plaintiff's claim concerning his cancer treatment for recurrent myeloma/lymphoma. (*Id.*). Following the Court's Order ruling on Defendant's Motion for Summary Judgment, the Court appointed counsel to represent Plaintiff in this matter on October 5, 2018. (Doc. 21). Thereafter, the Court set the Final Pretrial Conference for February 27, 2019 and set Trial to begin on March 11, 2019. (Doc. 24).

On January 24, 2019, Plaintiff, through counsel, filed a Motion to Amend Complaint. (Doc. 36). Plaintiff seeks leave to amend his Complaint to add a second count alleging an ongoing pattern of deliberate indifference to his recurrent myeloma/lymphoma covering the 267-day period from May 18, 2017, the date of Plaintiff's alleged last treatment with Dr. Rakkar, through Plaintiff's alleged restarting of chemotherapy with

---

[1] The August 21, 2017 Order also set the deadline for written discovery as January 15, 2018, and the deadline for filing dispositive motions as April 16, 2018. (Doc. 10 at 2). Upon Defendant's motion, (*see* Doc. 11), the Court extended the dispositive motion deadline to April 30, 2018. (Doc. 12).

[2] When filing its Statement of Facts in conjunction with its Motion for Summary Judgment, Defendant included Plaintiff's clinical records from April 18, 2017 through April 5, 2018. (*See* Doc. 18 at 29–50). Defendant claims it did so "[o]ut of an abundance of caution, because Plaintiff's requested relief was slightly ambiguous in terms of the declaratory relief sought," and to "demonstrate Plaintiff's extensive, ongoing course of care." (Doc. 40 at 3).

Dr. Chang on February 9, 2018. (Docs. 36 at 2; 36-1 at 5). Even though the Scheduling Order's October 17, 2017 deadline for amendments had passed, Plaintiff's Motion did not request that the Court modify the Scheduling Order, nor discuss whether Plaintiff has demonstrated "good cause" justifying the amendment pursuant to Fed. R. Civ. P. ("Rule") 16(b). (*See* Doc. 36). Rather, Plaintiff solely moved to amend his Complaint pursuant to Rule 15(a)(2). (*See id.*).

After ordering the parties to complete expedited briefing on Plaintiff's Motion,[3] (*see* Doc. 37), Defendant filed a Response on January 31, 2019 opposing Plaintiff's Motion as untimely and for its failure to comply with Rule 15(a)(2) and LRCiv 15.1(a). (Doc. 40). Alternatively, Defendant seeks extension of the deadlines respective to trial. (*Id.*). On February 4, 2019, Plaintiff filed a Reply in support of his Motion, arguing that Plaintiff has "good cause" for the proposed amendment and making new arguments which he did not raise in his original Motion. (Doc. 54). To give Defendant the opportunity to respond, the Court ordered Defendant to file a surreply addressing the new arguments which Plaintiff made in its Reply and discussing specifically what further discovery or preparation Defendant would need if the Court were to grant Plaintiff's Motion. (Doc. 55). Defendant filed this Surreply on February 11, 2019. (Doc. 61).

**II. ANALYSIS**

Generally, Rule 15(a) governs a motion to amend pleadings to add claims or parties. However, Rule 16 also applies because Plaintiff filed his request to amend his Complaint after the Rule 16 Scheduling Order's deadline for amendments passed. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); (Doc. 10 at 1 ("Motions . . . for leave to amend pleadings shall be filed by October 17, 2017.")). "[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson v. Laureate, Inc.*, 186 F.R.D.

---
[3] The Court's January 25, 2019 Order directed Defendant to file a Response to Plaintiff's Motion to Amend Complaint by January 30, 2019 and ordered Plaintiff to file a Reply by February 4, 2019. (Doc. 37).

605, 607 (E.D. Cal. 1999) (citing *Johnson*, 975 F.2d at 607–08). To permit a party to disregard a Rule 16 order by an appeal to the standards of Rule 15 would "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson*, 975 F.2d at 610; *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If [the court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."). Accordingly, the Court will evaluate Plaintiff's motion first under Rule 16, and then, if necessary, under Rule 15(a).

### A. **Rule 16**

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under the "good cause" standard, "[t]he pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks and citation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609 (citing *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me 1985)).

Federal courts in Arizona and within the Ninth Circuit "have articulated and undertaken [a] three-step inquiry in resolving the question of diligence in the context of determining good cause under Rule 16[.]" *Morgal v. Maricopa County Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. June 6, 2012) (citations omitted) (quoting *Grant v. United States*, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), adopted by, 2012 WL 218959, at * 1 (E.D. Cal. Jan. 23, 2012)). Under this inquiry, the movant may be required to show:

> (1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a

> Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.

*Morgal*, 284 F.R.D. at 460 (citing *Grant*, 2011 WL 5554878, at *4).

Here, Plaintiff failed to demonstrate the diligence necessary to meet Rule 16's "good cause" requirement. Regarding the first step of the good cause inquiry, there is nothing to suggest that Plaintiff was or was not diligent in assisting the Court in fashioning a workable Rule 16 Order. *Morgal*, 284 F.R.D. at 460–61. The parties did not take part in a Rule 16 Scheduling Conference; rather, the Magistrate Judge assigned to this case issued the Scheduling Order (Doc. 10) on August 21, 2017 after Defendant answered Plaintiff's Complaint.

Plaintiff fails to demonstrate diligence under the second step of the good cause inquiry, as Plaintiff's noncompliance with the Scheduling Order's October 17, 2017 deadline for filing motions to amend occurred due to circumstances which were foreseeable at the time of the Scheduling Order. Plaintiff seeks leave to amend his Complaint to add a second count alleging an ongoing pattern of deliberate indifference to his recurrent myeloma/lymphoma covering the 267-day period from May 18, 2017 to February 9, 2018. (Docs. 36 at 1–2; 36-1 at 5). However, as Defendant correctly points out, the "majority of the time frame for which Plaintiff now wants to expand his claim occurred before the deadline to amend." (Doc. 40 at 6). Thus, because a large part of the alleged conduct prompting Plaintiff to seek his proposed amendment had occurred prior to the October 17, 2017 deadline for amendment of pleadings, these circumstances were foreseeable as of that date.

Although Plaintiff contends that "Mr. Upton cannot be expected to have foreseen that Corizon would continue to delay, deny, and intentionally interfere with his medical care[,]" (Doc. 54 at 4), it remains that Plaintiff had either actual or constructive knowledge

that he was allegedly due to receive chemotherapy in the summer of 2017, but did not receive it prior to the expiration of the amendment deadline. (*See* Doc. 36-1 at 6 ("On June 11, 2017, Plaintiff reported that he was suffering from fatigue and loss of appetite, noting that he was due for maintenance chemotherapy in early July."); *see also* Doc. 18-3 at 145 (Plaintiff's Health Needs Request dated June 11, 2017)). Plaintiff offers no explanation why he failed to amend his Complaint to include this alleged delay in receiving chemotherapy by the deadline set forth in the Scheduling Order. While Plaintiff was proceeding *pro se* at the time of the expiration of the amendment deadline, this is no excuse. "A *pro se* litigant's status does not entitle *pro se* litigants to special treatment not given to represented parties, nor does it exempt them from compliance with the Federal Rule of Civil Procedure, Local Rules, or the orders of this Court." *Nelson v. Target Corp.*, No. CV-13-2519-PHX-LOA, 2014 WL 1384604, at *2 (D. Ariz. Apr. 9, 2014). Accordingly, the Court finds that Plaintiff failed to demonstrate diligence under the second step of the good cause inquiry.

As to the third step of the good cause inquiry, Plaintiff has not met his burden of showing that he "was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order." *Morgal*, 284 F.R.D. at 460 (citing *Grant*, 2011 WL 5554878, at *4). Plaintiff filed his Motion to Amend Complaint on January 24, 2019—464 days after the Court's October 17, 2017 deadline for amendment of pleadings. Moreover, Plaintiff's Motion did not request that the Court modify its Scheduling Order, nor discuss whether he has demonstrated "good cause" justifying the amendment pursuant to Rule 16(b). (*See* Doc. 36). Rather, Plaintiff solely moved to amend his Complaint pursuant to Rule 15(a)(2). (*See id.*). Only in his Reply does Plaintiff argue that he has "good cause" for the proposed amendment.[4] (*See* Doc. 54). In this Reply, Plaintiff points out that he filed his Motion "within four months of the appointment of counsel and within a day after Defendant voiced its objection to admission of evidence of post-filing treatment delays, specifically any treatment after April 18, 2017." (*Id.* at 2).

---

[4] Arguments made for the first time in a reply are generally waived. *U.S. v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006).

- 6 -

Plaintiff's counsel attempts to justify this four-month delay by asserting that it received Plaintiff's medical records from defense counsel "in complete disorder" which made it difficult to review and investigate Plaintiff's claims. (*Id.* at 3; Doc. 54-1 at 2). Nevertheless, reviewing and re-sorting Plaintiff's records in chronological order is not a task which the Court believes would take four months. Therefore, the Court finds that Plaintiff failed to demonstrate diligence in seeking amendment of his Complaint.

Prejudice to the non-moving party, although not required under Rule 16, can supply additional reasons to deny a motion. *Johnson*, 975 F.2d at 609. "A need to reopen discovery and therefore delay proceedings supports the district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (citing *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998)). Here, Defendant asserts that if the Court were to allow the proposed amendment, Defendant would need to consider "approximately 5 nurses, 3 nurse practitioners, and three physicians" as possible witnesses, interview those potential witnesses who still work for Corizon, and locate any prospective witnesses who might have left Corizon's employ. (Doc. 61 at 5). In addition to amending the Proposed Final Pretrial Order, Defendant also states it would need to amend its choice of exhibits. (*Id.*). The addition of Plaintiff's proposed amendment at this late date threatens the sort of disruption that Rule 16 was designed to prevent. As trial in this matter is set to begin in less than one month, allowing Plaintiff to amend his Complaint would impair the efficient adjudication of this action.

Plaintiff failed to demonstrate the diligence necessary to meet Rule 16's "good cause" requirement. Therefore, the Court declines to exercise its discretion to modify the Rule 16 Scheduling Order and will not grant Plaintiff leave to amend her Complaint at such a late stage in the proceedings.

### B. **Rule 15**

As Plaintiff failed to demonstrate "good cause" under Rule 16 justifying amendment of the Scheduling Order, an analysis under Rule 15(a) discussing whether plaintiff should

be granted leave to amend his Complaint is unnecessary. *See Johnson*, 975 F.2d at 608–09; *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (holding that the Court need not evaluate Rule 15(a) unless the movant first meets the "good cause" requirement of Rule 16). Accordingly, Defendant's Motion to Amend Complaint (Doc. 36) is denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 36) is **DENIED**. To the extent the new count(s) attempted to be added by Plaintiff's proposed amendment are freestanding claims, the Court denies leave to amend without prejudice to Plaintiff filing a new case premised on the new claim(s) identified in the proposed amendment. Additionally, this Order makes no ruling on whether the evidence underlying the new claim(s) in Plaintiff's proposed amendment is admissible in the trial of this case.

Dated this 12th day of February, 2019.

James A. Teilborg
Senior United States District Judge